Irine Mambo
LARENE LLC
270 Providence Dr, Matteson, IL 60443
651-285-3576
larenellc@gmail.com



*Defendant and Cost claim Plaintiff LARENE LLC*

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| AMAZON.COM SERVICES LLC,<br>PAULA'S CHOICE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CONNOR MATTHEW NICHOLS,<br>d/b/a Nichols Enterprises LLC,<br>SARFRAZ ALI KHOWJA,<br>d/b/a Market Place 360 LLC,<br>MA DEALERS CORPORATION,<br>DOES 1-10; LARENE LLC,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 2:24-cv-01550-KKE |

## DEFENDANT LARENE LLC'S REFILING ANSWER TO COMPLAINT AND MOTION TO DISMISS

COMES NOW the Defendant, LARENE LLC, by and through its authorized representative Irine Mambo, appearing Pro se, and hereby refiles to submits this Answer and Motion to Dismiss in response to Plaintiffs' Complaint filed by Plaintiffs AMAZON.COM SERVICES LLC and PAULA'S CHOICE, LLC (collectively, "Plaintiffs"),

## PRELIMINARY STATEMENT

1.    Defendant LARENE LLC ("Defendant") denies all allegations in the Complaint not expressly admitted herein.

**Page 1**

2.     Defendant specifically denies any knowing, willful, or intentional involvement in the sale of counterfeit products as alleged in Plaintiffs' Complaint.

3.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the Complaint regarding the other named defendants and, therefore, denies the same.

4.     To the extent that any paragraph of the Complaint contains legal conclusions rather than factual allegations, no response is required. To the extent a response is deemed necessary, Defendant denies such legal conclusions

## I. PARTIES

5.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the corporate status, principal place of business, or other details of Plaintiffs AMAZON.COM SERVICES LLC and PAULA'S CHOICE, LLC, and therefore denies the same.

6.     Admits that LARENE LLC is a limited liability company. Defendant LARENE LLC denies any allegations of wrongdoing or liability

7.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the other named defendants and, therefore, denies the same.

## II. JURISDICTION AND VENUE

3.     Defendant admits that this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

4.     Defendant admits that venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## III. FACTUAL ALLEGATIONS

8.     Denies any involvement in or knowledge of the sale of counterfeit Paula's Choice skincare products.

9.     Denies any actions to hide operations from Amazon and Paula's Choice.

10.    Denies any trademark infringement claimed by Paula's Choice.

11.    Specifically denies any wrongful conduct, either directly or through secondary liability, including respondeat superior, vicarious liability, or contributory infringement.

12.    Denies the allegations contained in paragraph 12 and avers that it lacked awareness that any products sourced for its Amazon store were counterfeit.

13.    Denies any contact with the individuals listed in the lawsuit, including Connor Matthew Nichols, Sarfraz Ali Khowja, or any representatives of MA Dealers Corporation.

14.    Admits that it engaged ManiSofts E-com Business Consulting Agency ("ManiSofts") to run its Amazon store. Defendant further admits that ManiSofts, through Muhammad Imran and his team, was responsible for the entire operation of LARENE LLC's seller account on Amazon.

15.    Admits that it entered into a contractual agreement with ManiSofts, which included an engagement fee of $3,881 paid in two installments by LARENE LLC, and a profit-sharing arrangement whereby ManiSofts would receive 40% of proceeds on product sales.

16.    Avers that it has evidence or documentation of communications with ManiSofts regarding product sourcing, which will be produced during discovery.

## AS AND FOR AFFIRMATIVE DEFENSES

17.    By way of further answer and Affirmative Defenses to the Complaint, Defendants assert the following Affirmative Defenses. By denominating these defenses as Affirmative Defenses, Defendants do not undertake any burden of proof or production not otherwise imposed by law or falling upon Defendant:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

18.    The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant.

Page 3

## SECOND AFFIRMATIVE DEFENSE
### ( Lack of Knowledge and Intent )

Defendant lacked knowledge of, and did not intend to engage in, any unlawful or infringing activities alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE
### (Innocent Infringer)

19.     Without admitting any infringement, which is expressly denied, any alleged infringement by Defendant was innocent and not willful, intentional, or deliberate.

## FOURTH AFFIRMATIVE DEFENSE
### (Third-Party Liability)

6.     Defendant entered into a legitimate business arrangement with ManiSofts, which included:

   a)   An initial engagement fee of $3,881, paid in two installments

   b)   A 60/40% profit-sharing arrangement on product sales

   c)   Complete delegation of product sourcing responsibilities

   d)   Full management of Amazon marketplace operations

7.     ManiSofts, through its owner Muhammad Imran, maintained exclusive control over:

   a)   Product sourcing and vendor relationships

   b)   Inventory management

   c)   Product listings on Amazon's platform

   d)   Day-to-day operations through a dedicated WhatsApp group of approximately six individuals

   b)   Any alleged damages suffered by Plaintiffs were caused, in whole or in part, by the acts or omissions of third parties over whom Defendant had no control and for whose conduct Defendant is not responsible.

   a)

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

20.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

**Page 4**

21.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE
#### (Estoppel)

22.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE
#### (Waiver)

23.    Plaintiffs have waived any right to assert the claims set forth in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

24.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Lack of Damages)

25.    Plaintiffs have not suffered any damages as a result of any act or omission of Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Failure to Join Necessary Parties)

26.    The Complaint fails to join one or more necessary and indispensable parties under Federal Rule of Civil Procedure 19.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Reservation of Rights)

27.    Defendant expressly reserves the right to assert additional affirmative defenses as they become known through discovery or otherwise.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Good Faith)

28.    Defendant exercised good faith in:

   b)    Engaging a professional e-commerce consulting agency

   c)    Maintaining proper business records and communication logs

   d)    Avoiding direct involvement with product sourcing to ensure professional management

**Page 5**

e) Promptly cooperating with all investigations upon learning of the allegations

## IV. PRAYER FOR RELIEF

29.  WHEREFORE, Defendant LARENE LLC respectfully requests that this Court:

1.  Dismiss Plaintiffs' Complaint with prejudice;

2.  Grant leave to file a Third-Party Complaint against ManiSofts and Muhammad Imran;

3.  Award Defendant costs and reasonable expenses incurred in defending this action;

4.  Grant such other and further relief as this Court deems just and proper.

## IV. COST CLAIM

Defendant and cost claim Plaintiff LARENE LLC ("cost claim Plaintiff") hereby asserts the following cost claim against ManiSofts E-com Business Consulting Agency and Muhammad Imran (collectively, "Costclaim Defendants"):

## V. PARTIES

30.  Costclaim Plaintiff LARENE LLC is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business in Matteson, Illinois.

31.  Upon information and belief, Costclaim Defendant ManiSofts E-com Business Consulting Agency ("ManiSofts") is a business entity of unknown form, with its principal place of business on 1070 Clifton Ave, Clifton, NJ 07013, United States, with website: https://manisofts.com/

32.  Upon information and belief, Costclaim Defendant Muhammad Imran is an individual residing in Clifton, NJ, United States and is the principal or owner of ManiSofts.

## VI. JURISDICTION AND VENUE

33.  This Court has supplemental jurisdiction over this Costclaim pursuant to 28 U.S.C. § 1367(a) because the Cost claim is so related to the claims asserted in the original action

that they form part of the same case or controversy under Article III of the United States Constitution.

34.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Cost claim occurred in this district.

## VII. FACTUAL ALLEGATIONS

35.    In or around October 2022, Cost claim Plaintiff LARENE LLC engaged the services of Cost claim Defendants to manage and operate its Amazon seller account.

36.    The parties entered into a contractual agreement whereby Cost claim Defendants would be responsible for all aspects of Cost claim Plaintiff LARENE LLC's Amazon store operations, including but not limited to product sourcing, listing creation, inventory management, order fulfillment, and customer service.

37.    As compensation for their services, Cost claim Plaintiff agreed and paid Cost claim Defendants an engagement fee of $3,881, which was paid in two installments, as well as 40% of the proceeds from product sales on the Amazon platform.

38.    Cost claim Plaintiff relied on Cost claim Defendants' expertise and representations regarding the legitimacy and authenticity of the products sourced for sale on the Amazon platform.

39.    Cost claim Defendants represented to Cost claim Plaintiff that all products sourced and listed for sale were genuine and authorized for resale on the Amazon platform.

40.    Cost claim Plaintiff had no direct involvement in the day-to-day operations of the Amazon store and relied entirely on Counterclaim Defendants to ensure compliance with all applicable laws, regulations, and Amazon policies.

41.    Cost claim Plaintiff has recently learned, through the allegations in the Complaint filed by Amazon.com Services LLC and Paula's Choice, LLC, that counterfeit Paula's Choice skincare products may have been sold through its Amazon store.

42.    Cost claim Plaintiff had no knowledge that any products sold through its Amazon store were counterfeit or unauthorized.

43.    Any sale of counterfeit or unauthorized products through Cost claim Plaintiff's Amazon store was solely the result of Cost claim Defendants' actions, omissions, negligence, and/or misconduct.

44.    As a direct and proximate result of Cost claim Defendants' actions and/or omissions, Cost claim Plaintiff has suffered significant damages, including but not limited to potential liability to the Plaintiffs in the original action, loss of its Amazon seller account, damage to its business reputation, and loss of future business opportunities.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

45.    Costclaim Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

46.    Costclaim Plaintiff and Costclaim Defendants entered into a valid and enforceable contract for the management and operation of Costclaim Plaintiff's Amazon seller account.

47.    Pursuant to the contract, Costclaim Defendants were obligated to manage the Amazon store in compliance with all applicable laws, regulations, and Amazon policies, including ensuring that all products sourced and sold were genuine and authorized for resale.

48.    Costclaim Defendants breached the contract by, among other things:

    a)    Failing to properly vet and verify the authenticity of products sourced for sale;

    b)    Listing and selling counterfeit or unauthorized products;

    c)    Failing to comply with Amazon's policies and procedures;

**Page 8**

    d)   Engaging in conduct that resulted in the suspension or termination of Costclaim Plaintiff's Amazon seller account.

49.    As a direct and proximate result of Costclaim Defendants' breach of contract, Costclaim Plaintiff has suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Negligence)

50.    Costclaim Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

51.    Costclaim Defendants owed Costclaim Plaintiff a duty of care to manage and operate its Amazon seller account in a reasonable and prudent manner, consistent with industry standards and applicable laws and regulations.

52.    Costclaim Defendants breached their duty of care by, among other things:

    a)   Failing to implement adequate procedures to verify the authenticity of products;

    b)   Negligently sourcing and selling counterfeit or unauthorized products;

    c)   Failing to properly train and supervise their employees or agents involved in the operation of Costclaim Plaintiff's Amazon store;

    d)   Disregarding warning signs or red flags indicating potential issues with product authenticity or authorization.

53.    As a direct and proximate result of Costclaim Defendants' negligence, Costclaim Plaintiff has suffered damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (Fraudulent Misrepresentation)

54.    Costclaim Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

55.     Costclaim Defendants made material representations to Costclaim Plaintiff regarding the authenticity and authorization of products sourced and sold through the Amazon store.

56.     These representations were false at the time they were made.

57.     Costerclaim Defendants knew or should have known that these representations were false, or made them recklessly without knowledge of their truth.

58.     Costclaim Defendants intended that Costclaim Plaintiff rely on these representations in continuing to engage their services and allowing them to operate the Amazon store.

59.     Costclaim Plaintiff reasonably relied on Costclaim Defendants' representations to its detriment.

60.     As a direct and proximate result of Costclaim Defendants' fraudulent misrepresentations, Costclaim Plaintiff has suffered damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
(Indemnification)

61.     Costclaim Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

62.     Pursuant to the principles of common law indemnification and/or any applicable contractual provisions, Costclaim Defendants are obligated to indemnify Costclaim Plaintiff for any liability, damages, costs, or expenses incurred as a result of Costclaim Defendants' actions or omissions in operating the Amazon store.

63.     If Costclaim Plaintiff is found liable to the Plaintiffs in the original action, such liability will be solely the result of Costclaim Defendants' conduct.

62.    Pursuant to the principles of common law indemnification and/or any applicable contractual provisions, Costclaim Defendants are obligated to indemnify Costclaim Plaintiff for any liability, damages, costs, or expenses incurred as a result of Costclaim Defendants' actions or omissions in operating the Amazon store.

63.    If Costclaim Plaintiff is found liable to the Plaintiffs in the original action, such liability will be solely the result of Costclaim Defendants' conduct.

64.    Costclaim Plaintiff is entitled to full indemnification from Costclaim Defendants for any judgment entered against it in the original action, as well as all costs and fees incurred in defending against the original action and in pursuing this Costclaim.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Costclaim Plaintiff LARENE LLC respectfully requests that this Court enter judgment in its favor and against Costclaim Defendants as follows:

a)    Awarding Costclaim Plaintiff compensatory damages

b)    Awarding Costclaim Plaintiff punitive damages for Costclaim Defendants' fraudulent conduct;

c)    Ordering Costclaim Defendants to indemnify Costclaim Plaintiff for any liability, damages, costs, or expenses incurred in the original action;

d)    Awarding Costclaim Plaintiff its costs and reasonable fees incurred in defending the original action and pursuing this Costclaim;

e)    Awarding Costclaim Plaintiff pre-judgment and post-judgment interest as allowed by law;

f)    Granting such other and further relief as the Court deems just and proper

**Page 11**

CERTIFICATE OF SERVICE

65.    I hereby certify that on this 22nd day of December 2024, Refiling, a true and correct copy of the foregoing Answer and Motion to Dismiss upon all counsel of record.

Irine Mambo

Pro Se Representative for LARENE LLC

## VERIFICATION

I, Irine Mambo, hereby declare under penalty of perjury under the laws of the United States of America that I am the Managing Owner of LARENE LLC, that I have read the foregoing Answer to Complaint and Costclaim and know the contents thereof, and that the same is true and correct to the best of my knowledge, information, and belief.

Executed on this 22th day of 12, 2024, at Matteson, IL.

Respectfully submitted,

Irine Mambo

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL



**UNITED STATES**
**POSTAL SERVICE®** | **PRIORITY®**
**MAIL**

■ Expected delivery date specified for domestic use.
■ Domestic shipments include $100 of insurance (restrictions apply).*
■ USPS Tracking® service included for domestic and many international destinations.
■ Limited international insurance.**
■ When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**

EP14F October 2023
OD: 12 1/2 x 9 1/2

PS00000100014

This package is made from post-consumer waste. Please recycle – again.



Retail

U.S. POSTAGE PAID
PM
MATTESON, IL 60443
DEC 27, 2024

**$15.00**
S2324E501519-3

88101

RDC 03      0 Lb 3.50 Oz

**PRIORITY**
**★ MAIL ★**

FROM: LANEVE LLC
ILINE MAMBO
270 PROVIDENCE DR
MATTESON, IL 60443

TO:
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
700 STEWART ST. SUITE 2310
SEATTLE, WA 98101

FOR DOMESTIC AND INTERNATIONAL USE

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

EXPECTED DELIVERY DAY: 12/31/24

USPS SIGNATURE® TRACKING #

9610 8111 8796 4362 8130 85